717 So.2d 1073 (1998)
Ruth AUSTIN, Appellant,
v.
Thomas A. MYLANDER, etc., Appellee.
No. 97-636.
District Court of Appeal of Florida, Fifth District.
August 21, 1998.
Rehearing Denied September 29, 1998.
*1074 Kennedy Legler, III, and Edward M. Murphy, of Legler & Flynn, P.A., Bradenton, for Appellant.
John W. Jolly, Jr., and Carl R. Peterson, Jr., of Skelding, Labasky, Corry, Eastman, Hauser, Jolly & Metz, P.A., Tallahassee, for Appellee.
THOMPSON, Judge.
Ruth Austin appeals a final summary judgment in favor of Thomas A. Mylander, Sheriff of Hernando County. We affirm.
Deputy Sheriff Baptiste, dispatched to respond to a domestic dispute call, found that Dewayne Bramblett, the person complained about, was then at another residence. Baptiste went to the other residence and was informed by its occupant that Bramblett's presence was not wanted. According to Baptiste's affidavit, he determined that there were no outstanding warrants on Bramblett, and gave Bramblett a trespass warning. At some point, the sheriff apparently became aware that Bramblett was a convicted felon. Eventually, Baptiste had the sheriff's dispatcher call for a taxi[1] to take Bramblett to *1075 his own residence. Baptiste stated in his affidavit that he had the taxi summoned because Bramblett had been drinking, and because there was a flat tire on Bramblett's vehicle. Baptiste did not believe he had probable cause to arrest Bramblett. When the taxi, driven by Roger Austin, arrived at the scene, Baptiste supervised the transfer of advance payment for the ride from Bramblett to Austin.
Later, the taxi company's dispatcher called the sheriff's dispatcher, stating that he had received a call from Austin, who indicated that there was an emergency and that the passenger had taken his keys. The taxi dispatcher stated that he was unable to regain contact with Austin. Deputies began a search, and, it appears from the record, eventually found the taxi and Austin at Bramblett's residence. Austin had been stabbed to death. Bramblett, convicted of murder, testified in his deposition essentially that he and Austin had had a dispute about the fare, and that he killed Austin in self-defense with Austin's knife.
The plaintiff, Austin's wife, sued the sheriff for wrongful death, alleging that the sheriff knew that Bramblett was a convicted felon with a history of violence, that he was extremely intoxicated, that he had been exhibiting violent behavior, and that he was possibly armed. The plaintiff alleged that the sheriff knew or should have known that Bramblett was a dangerous and violent suspect, but negligently placed him in Austin's taxi without searching him and without taking any precautions for Austin's safety. The plaintiff alleged that the sheriff had a duty not to place Austin in a dangerous situation, and that the sheriff breached his duty by placing a dangerous suspect in Austin's taxi.
The sheriff moved for summary judgment before the completion of discovery, and the court granted the motion based on its determination that there were no material facts in dispute. In entering summary judgment for the sheriff, the court recognized that it was a matter of dispute whether the sheriff had reason to believe that Bramblett would become violent, but the court ruled that this factual issue was immaterial. Noting that the sheriff had not promised Austin protection, and that Austin had not been in the sheriff's custody, the court ruled that the sheriff did not breach any common law duty owed to Austin. The court further ruled that even if the sheriff had a common law duty to Austin, the sheriff was entitled to the defense of sovereign immunity.
For a governmental entity to be liable in tort, there must be an underlying statutory or common law duty of care. Trianon Park Condominium Ass'n, Inc. v. City of Hialeah, 468 So.2d 912 (Fla.1985). A governmental duty to protect its citizens is a general duty to the public as a whole, and where there is only a general duty to protect the public, there is no duty of care to an individual citizen which may result in liability. Everton v. Willard, 468 So.2d 936 (Fla. 1985) (holding that sheriff not liable for failure to arrest drunk driver, who was involved in fatal traffic accident 15 minutes after receiving traffic citation).
Further, there is no duty to control the conduct of a third person to prevent him from causing physical harm to another, unless (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives to the other a right to protection. Parrotino v. City of Jacksonville, 612 So.2d 586, 589 (Fla. 1st DCA 1992) (quoting Restatement of Torts (Second) § 315(b) (1965)). A special relationship could exist in a situation in which the police accept the responsibility to protect a particular person who has assisted them in the arrest or prosecution of criminal defendants and the individual is in danger due to that assistance. Everton, 468 So.2d at 938. In such a case, a special duty to use reasonable care in the protection of the individual may arise. Id. Absent a special relationship, a governmental entity is under no duty to enforce the law for the benefit of a particular individual. See Trianon; Everton; Parrotino (holding that municipality not liable where police were summoned three times after decedent *1076 or decedent's family was attacked, harassed, or threatened by decedent's ex-boyfriend, and where during one incident ex-boyfriend threatened deceased's life in presence of officers), rev'd on other grounds, 628 So.2d 1097 (Fla.1993).
In the instant case, there is no showing that there was a special relationship between Austin and the sheriff. It was entirely Austin's decision whether to accept or reject Bramblett as a passenger, neither Austin nor Bramblett was in the sheriff's custody at the time of Austin's death, and the sheriff did not offer Austin protection. Because there has been no showing that the sheriff owed a duty to Austin in particular, we affirm the summary judgment.
AFFIRMED.
PETERSON and ANTOON, JJ., concur.
NOTES
[1] Section 856.011, which deals with disorderly intoxication, provides in part:

Any peace officer, in lieu of incarcerating an intoxicated person for violation of subsection (1), may take or send the intoxicated person to his home or to a public or private health facility, and the law enforcement officer may take reasonable measures to ascertain the commercial transportation used for such purposes is paid for by such person in advance. Any law enforcement officer so acting shall be considered as carrying out their official duty.